**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Vipin Varghese, Esq.
Daniel C. Stark, Esq.
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRUSTEES OF THE LOCAL 138, 138A & 138B INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, ANNUITY FUND, LEGAL FUND, VACATION FUND, and APPRENTICESHIP TRAINING FUND, and TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, | Civil Action No.  <br><br> **COMPLAINT** |
| Plaintiffs, <br> v. <br><br> TIKI INDUSTRIES, INC., <br><br> Defendant. | |

Plaintiffs, Trustees of the Local 138, 138A & 138B International Union of Operating Engineers Welfare Fund, Annuity Fund, Legal Fund, Vacation Fund, and Apprenticeship Training Fund ("Local 138 Funds") and Trustees of the Central Pension Fund of the International Union of Operating Engineers ("Central Pension Fund") (collectively the "Funds"), by and through their attorneys, DeCotiis, FitzPatrick, Cole & Giblin, LLP, by way of Complaint against defendant, Tiki Industries, Inc., hereby state as follows:

**NATURE OF THE ACTION**

1.   This is a civil action brought pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3),

1

1145, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, ("LMRA"), by the Trustees of the Funds to recover unpaid and delinquent benefit fund contributions, for injunctive and other equitable relief, and for breach of contract. The Complaint alleges that, by failing, refusing, or neglecting to comply with specific statutory and contractual obligations, Tiki Industries, Inc. violated its collective bargaining agreements, the respective trust agreements of the Funds ("Trusts"), and ERISA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337, sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §1132(e)(1) and (f) and section 301 of the LMRA, 29 U.S.C. §185.

3. Venue properly lies in this District pursuant to sections 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and section 301 of the LMRA, 29 U.S.C. §185. Additionally, venue properly lies in this District pursuant to 28 U.S.C. §1391, because defendant maintains its principal place of business in this District and defendant resides in and is subject to personal jurisdiction in this District, and a substantial part of the events and/or omissions giving rise to plaintiffs' claims occurred in this District.

## THE PARTIES

4. The trustees of the co-plaintiff Funds (collectively the "Trustees") are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with sections 302(c)(5) and (c)(6) of the LMRA, 29 U.S.C. § 186(c)(5), (c)(6).

5. The Trustees are fiduciaries within the meaning of sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132, and bring this action in their fiduciary capacity.

6. Each of the Funds is an employee benefit plan within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1), and a multi-employer plan within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Funds maintain offices and are administered at 137 Gazza Boulevard, Farmingdale, New York 11735.

7. Upon information and belief, Defendant Tiki Industries, Inc. ("Tiki" or "Defendant") is a New York corporation and is authorized to conduct business within the State of New York, with a principal place of business at 1630 Ocean Avenue, Bohemia, New York 11716. At all relevant times, Tiki has been an "employer" within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND

8. At all relevant times, Tiki executed and was a party to a collective bargaining agreement ("Agreement") with the International Union of Operating Engineers Local 138, 138A, 138B, and 138C (the "Union"), of which the Funds are third-party beneficiaries.

9. Pursuant to the Agreement, Tiki agreed to comply with and to be bound by Trust Agreements governing the various Funds (the "Trusts"), which are made a part of the Agreement, with the same force and effect as if fully incorporated therein.

10. At all relevant times, Tiki has been engaged in the business of heavy and highway construction and has employed workers who perform such work that is covered by the Agreement with the Union.

11. Pursuant to the Agreement and the Trusts, signatory employers such as Tiki are required to pay benefit contributions and/or wage supplements to the Funds in various amounts

and specified percentages of the contractual wage rates of their employees engaged in covered employment within the jurisdiction of the Union.

12. The Funds rely upon Tiki and other employers to make proper contributions required by the Agreement in order to provide pensions, health insurance, annuities, and other benefits to the employees working for Defendant that are covered by the Agreement.

13. Signatory employers like Tiki submit detailed remittance reports which identify the employees working for Defendant, the hours worked by the employees, and calculations of the benefit contributions and/or wage supplements owed to the Funds.

14. Pursuant to Funds' records and upon information and belief, Tiki has failed to report any benefit contributions to the Funds covering the time period from December 3, 2016 through the present.

15. Additionally, upon information and belief, Tiki is indebted to the Funds for unpaid contributions for the period of December 3, 2016 through the present and continuing on behalf of employees performing work covered by the Agreement.

16. No part of the aforesaid benefit contributions have been paid by Tiki, although duly demanded by the Funds.

17. Furthermore, pursuant to the Agreement and the Trusts, the Funds conducted an audit of Tiki's books and records (the "Audit"), covering the period of January 1, 2015 through December 31, 2016 (the "Audit Period").

18. The Audit revealed that Tiki failed to make all required benefit contributions to the Funds.

19. The Audit revealed that an additional $16,032.98 in benefit contributions were due and owing to the Funds.

20. The Funds have demanded payment of these sums from Tiki.

21. Despite the Funds' demand, Tiki has neglected, failed, and refused, and continues to neglect, fail, and refuse, to pay any of the amount due and owing to the Funds, and the full amount of $16,032.98 remains outstanding as of this date.

22. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145.

23. The Agreement, the Trusts, and section 502 of ERISA, 29 U.S.C. § 1132, provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid contributions, plus interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and such other legal or equitable relief as the court deems appropriate.

24. Defendant's failure to make payment of all contributions due and owing to the Funds constitutes a violation of the Agreement, the Trusts, and section 515 of ERISA, 29 U.S.C. § 1145.

### FIRST COUNT
### (FOR UNPAID BENEFIT FUND CONTRIBUTIONS)

25. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of the Complaint, as if fully set forth herein.

26. Defendant has failed and continues to fail to pay benefit contributions to the Funds covering the time period from December 3, 2016 through the present.

27. No part of the aforesaid benefit contributions have been paid by Defendant, although duly demanded by the Funds.

28. Defendant's failure to make payment of all contributions due and owing to the Funds constitutes a violation of the Agreement, the Trusts, and section 515 of ERISA, 29 U.S.C. § 1145.

29. Defendant's actions have injured the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs, among other injuries.

30. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. §1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

31. Therefore, given Tiki's violations of the Agreement, the Trusts, and section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled to a Judgment against Tiki for unpaid contributions, liquidated damages, interest on all unpaid contributions, and reasonable attorney's fees and costs incurred by the Funds.

## SECOND COUNT
**(REFUSAL TO MAKE REQUIRED CONTRIBUTIONS FOUND VIA THE AUDIT)**

32. The Audit revealed that Tiki failed to make certain required contributions to the Funds during the Audit Period.

33. Tiki has failed and continues to fail to pay $16,032.98 in contributions due as a result of the Audit.

34. No part of the aforesaid benefit contributions have been paid by Defendant, although duly demanded by the Funds.

35. As a result of its failure to contribute $16,032.98 to the Funds due based on the Audit, Tiki has breached the Agreement, the Trusts, and Section 515 of ERISA, 29 U.S.C. §1145.

36. Defendant's actions have injured the Funds by delaying the investment of contributions and causing the Funds to incur unnecessary administrative costs, among other injuries.

37. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. §1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

38. In light of Tiki's violations of the Agreement, the Trusts, and section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled to a Judgment against Tiki for unpaid contributions, liquidated damages, interest on all unpaid contributions, and reasonable attorney's fees and costs incurred by the Funds.

**WHEREFORE**, plaintiffs demand judgment against defendant Tiki as follows:

(a) Ordering Defendant to pay to Plaintiffs all unpaid contributions owed for the period from December 1, 2016 through the present and continuing;

(b) Ordering Defendant to pay to Plaintiffs all unpaid contributions for the Audit Period as identified in the Audit;

(c) Ordering Defendant to pay to Plaintiffs accrued pre-judgment interest from the date each such unpaid contribution was due pursuant to the Agreement, the Trusts, and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

(d) Ordering Defendant to pay to Plaintiffs liquidated damages in an amount equal to the greater of (i) the amount of interest awarded pursuant to paragraph (b) above, or (ii) the sum of 20% of the unpaid contributions, as mandated by ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2);

(e) Ordering Defendant to pay to Plaintiffs reasonable attorney's fees and costs pursuant to the Agreement, the Trusts, and ERISA § 502(g)(3), 29 U.S.C. § 1132(g)(2);

(f) Awarding Plaintiffs the sums and amounts described in paragraphs (a) through (d), above; and

(g) Such other and further relief as this Court deems just and proper.

Dated: September 26, 2017

By:   /s/ *Vipin P. Varghese*
Vipin P. Varghese, Esq.
Daniel C. Stark, Esq.
DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
Glenpointe Centre West
500 Frank. W. Burr Blvd.
Teaneck, NJ 07666
dastark@decotiislaw.com
(201) 928-1100
*Attorneys for Plaintiffs*